IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-11202

Summary Calendar

---

JEFFREY MARIO RAINEY,

Plaintiff-Appellant,

versus

FANNIE MAE,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas

---

(3:00-CV-1245-G)
August 6, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jeffrey Mario Rainey brought this Title VII action against Fannie Mae, his former employer, alleging that termination of his employment constituted unlawful retaliation for his complaints of racial discrimination by his supervisor. He appeals the district court's orders striking his summary judgment evidence and granting Fannie Mae's motion for summary judgment. We affirm.

Fannie Mae has moved to strike Rainey's record excerpt 1.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because our review of a granted motion for summary judgment is limited to the evidence available to the district court at the time it granted the motion,[1] Fannie Mae's motion to strike is GRANTED.

Rainey contends that the district court erred by striking his affidavits and exhibits. We need not reach this issue because we conclude that the district court did not err in granting summary judgment even if Rainey's summary judgment evidence is considered. We thus decline to consider the question.

Rainey claims that Fannie Mae retaliated against him for engaging in activity that is protected by Title VII. In Title VII retaliation cases, the plaintiff must first make the following prima facie showing: (1) that he engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action.[2] Assuming the plaintiff is able to establish his prima facie case, the burden then shifts to the employer to demonstrate a legitimate nondiscriminatory purpose for the employment action.[3] If the employer satisfies this burden, the only question on summary judgment is whether the evidence of retaliation, in its totality, supports an inference of

---

[1] *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1327 (5th Cir. 1996).

[2] *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).

[3] *Id.*

retaliation.[4]

The adverse employment decision complained of by Rainey is his termination on March 10, 2000. Rainey filed an EEOC complaint on September 14, 1999, and his supervisor knew of the EEOC filing prior to his termination. Because the filing of an EEOC complaint is a protected activity,[5] these facts are sufficient to establish a prima facie case.

Rainey cannot show, however, that the adverse employment action would not have occurred "but for" the protected activity.[6] Rainey's performance evaluations changed from favorable to unfavorable on July 31, 1998—over one year before he filed a complaint with the EEOC. Rainey's earlier complaints to an internal office of Fannie Mae also were made after his negative performance evaluations. Rainey has failed to present summary judgment evidence showing that the filing of the EEOC complaint was the "but for" cause of his termination.[7] Accordingly, we affirm the district court's grant of summary judgment.

JUDGMENT AFFIRMED; MOTION TO STRIKE GRANTED.

---

[4] *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 407 (5th Cir. 1999).

[5] *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 657 (5th Cir. 2002).

[6] *Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir. 1996).

[7] *See Id*. at 305 n.4.